Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Russell B. Young; and Debra M. Young; | ) ) ) | No. |
| Plaintiffs, | ) ) | |
| v. | ) | **COMPLAINT** |
| Paid in Full, Inc.; | ) ) ) | |
| Defendant. | ) ) ) | (Jury Trial Demanded) |

## I. Preliminary Statement

1.      Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiffs seek to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  JURISDICTION

2.      Jurisdiction of this Court, over this action and the parties herein, arises

1   under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and
2   28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of
3   Arizona as Plaintiffs' claims arose from acts of the Defendant perpe-
4   trated therein.

### III.  PARTIES

6   3.    Plaintiffs previously resided in Maricopa County, Arizona.

7   4.    Plaintiffs are natural persons allegedly obligated to pay a debt which
8         was incurred primarily for personal, family, or household purposes.

9   5.    Plaintiffs are "consumers" as that term is defined by FDCPA §
10        1692a(3).

11  6.    Defendant Paid in Full, Inc. ("PIF") is an Arizona corporation.

12  7.    PIF collects or attempts to collect debts owed or asserted to be owed or
13        due another, or debts which it claims to have purchased or been as-
14        signed after default.

15  8.    PIF is licensed as a collection agency by the Arizona Department of
16        Financial Institutions, license number 0905254.

17  9.    PIF is a "debt collector" as that term is defined by FDCPA § 1692a(6).

18  10.   PIF is a "person" as that term is defined by FCRA § 1681a(b).

19  11.   PIF is a furnisher of information, as contemplated by FCRA §
20        1681s-2(a) & (b), who furnishes information to one or more consumer
21        reporting agency about consumer transactions or experiences with any
22        consumer.

### IV.  Factual Allegations

24  12.   Defendant has been reporting derogatory and inaccurate statements and
25        information concerning Plaintiffs to third parties for an unknown

- 2 -

period of time, including reporting this information to two or consumer reporting agencies, including Trans Union and Experian.

13. This inaccurate information negatively reflects upon Plaintiffs, and consists of statements which cannot be attributed to Plaintiffs, or which misrepresent Plaintiffs' credit history.

14. Trans Union and Experian have taken the inaccurate information furnished by Defendant and disseminated it to other third parties, including Plaintiffs' creditors and potential creditors.

15. Sometime prior to October 2007, Plaintiffs fell behind on their homeowner assessments, including dues, fees and other charges.

16. In October 2007, Plaintiffs were sued in the Arcadia Biltmore Justice Court by their homeowners association ("HOA") for dues, fees and other charges.

17. Judgment was entered in favor of the HOA and against Plaintiffs on April 15, 2008.

18. On March 4, 2009 the HOA transcribed the justice court judgment to the Maricopa County Superior Court.

19. The judgment was renewed on April 15, 2013.

20. Upon information and belief, sometime in or about August 2013, the HOA judgment was assigned to PIF for collection purposes.

21. Beginning in or about August 2013, PIF began reporting the HOA judgment as an account tradeline to two or more consumer reporting agencies, including Trans Union and Experian.

22. At the time PIF began reporting its tradeline to the consumer reporting agencies, the underlying debt had been in default for over seven years.

23. At the time PIF began reporting its tradeline, PIF changed the "open date" to August 2013, when in fact the "open date" was some seven years prior.

24. Because PIF changed, or "re-aged" the "open date" of the HOA debt to August 2013, Experian and Trans Union placed PIF's tradeline on Plaintiffs' credit reports as a current debt.

25. PIF has reported its tradeline concerning the HOA judgment from August 2013 to present.

26. In July or August 2014, Plaintiffs learned that PIF was reporting the judgment to the reporting agencies as an account tradeline.

27. In or about August 2014, Plaintiffs sent letters to two or more of the consumer reporting agencies and disputed the PIF tradeline.

28. Upon information and belief, and after receipt of Plaintiffs' letters disputing the PIF tradeline, the consumer reporting agencies communicated Plaintiffs' dispute to PIF.

29. Upon information and belief, PIF received notice of Plaintiffs' disputes from the consumer reporting agencies.

30. Upon receipt of notice of Plaintiffs' disputers, PIF responded to the reporting agencies and verified its reporting of the tradeline as accurate in all respects.

31. On August 12, 2014, PIF sent Plaintiffs a joint letter in response to their dispute with the consumer reporting agencies.

32. In the letter, PIF acknowledged that it received notice of Plaintiffs' dispute from the consumer reporting agencies.

33. In addition, PIF acknowledge in its letter that "We have responded to

the credit bureau(s) that your account appears to have been correctly
reported and have updated your account balance if applicable."

34. In March 2016, Plaintiffs one again sent letters to Trans Union and
Experian disputing the PIF tradeline.

35. In these letters, Plaintiffs stated that the alleged debt went into default
prior to October 2007, and requested that the item be removed.

36. Upon information and belief, Trans Union and Experian communicated
Plaintiffs' disputes to PIF.

37. Upon information and belief, PIF responded to Trans Union and
Experian concerning Plaintiffs' disputes and verified its reporting of
the tradeline as accurate in all respects.

38. On March 29, 2016, Experian mailed Plaintiff Russell Young notice
that it had investigated his dispute and that PIF had verified its report-
ing of the tradeline.

39. On March 29, 2016, Experian also mailed Plaintiff Debra Young notice
that it had investigated her dispute and that PIF had verified its report-
ing of the tradeline.

40. On March 30, 2016, Trans Union mailed Plaintiff Russell Young notice
that it had investigated his dispute and that PIF had verified its report-
ing of the tradeline.

41. On March 29, 2016, PIF sent Plaintiffs a joint letter in response to their
disputes with Trans Union and Experian.

42. In the letter, PIF acknowledges that it received notice of one or more of
Plaintiffs' disputes from the reporting agencies.

43. In addition, PIF acknowledges in its letter that "We have investigated

your dispute and based on the information currently available to our company, we have responded to the credit bureau(s) that it is our belief that the account information is accurate as we reported it."

44. On April 8, 2016, PIF sent Plaintiffs a joint letter in response to their disputes with Trans Union and Experian.

45. In the letter, PIF acknowledges that it received notice of one or more of Plaintiffs' disputes from the reporting agencies.

46. In addition, PIF acknowledges in its letter that "We have investigated your dispute and based on the information currently available to our company, we have responded to the credit bureau(s) that it is our belief that the account information is accurate as we reported it."

47. Upon information and belief, PIF has continued to report inaccurate information concerning the HOA debt to one or more of the consumer reporting agencies.

48. Section 1681c(a)(4) of the FCRA precludes the reporting of "Accounts placed for collection or charged to profit and loss which antedate the report by more that seven years."

49. The debt which PIF is reporting to Experian and Trans Union was place for collection or charged to profit and loss more than seven years prior to PIF's reporting the account.

50. But for PIF's misrepresentation of the initial default date of the HOA debt, or "re-aging" of the account, Experian and Trans Union would not have included the PIF tradeline in Plaintiffs' credit reports.

51. Defendant's investigation(s) of Plaintiffs' disputes were in all ways inadequate and did not comport with the requirements under FCRA

1    1681s-2(b).

2    52.   Defendant ultimately "verified" its reporting of the HOA debt to Trans

3          Union and Experian.

4    53.   Defendant has continued to report inaccurate, derogatory and improper

5          information, and has failed to retract, delete, and / or suppress inaccu-

6          rate, derogatory and improper information about the Plaintiffs, as

7          described more fully herein.

8    54.   As a result and proximate cause of Defendant's actions, Plaintiffs have

9          suffered actual damages, including, but not limited to, and emotional

10         distress.

11                        **V.  CAUSES OF ACTION**

12                     **a.  FIRST CLAIM FOR RELIEF**

13                        **(Violation of FDCPA)**

14   55.   Plaintiffs incorporate by reference paragraphs 1 though 54.

15   56.   Defendant's violations of the FDCPA include, but are not necessarily

16         limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

17   57.   As a direct result and proximate cause of Defendant's actions in viola-

18         tion of the FDCPA, Plaintiffs have suffered actual damages.

19                     **b.  SECOND CLAIM FOR RELIEF**

20                  **(Negligent Noncompliance with FCRA)**

21   58.   Plaintiffs incorporate by reference paragraphs 1 though 57.

22   59.   Defendant failed to conduct a reasonable investigation of Plaintiffs'

23         disputes received from Trans Union and Experian concerning its

24         reporting the HOA debt, and have otherwise failed to comport with

25         FCRA § 1681s-2(b).

60. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiffs have suffered, and continue to suffer, actual damages for which Plaintiffs seek damages in an amount to be determined by the jury.

61. Plaintiffs request costs and attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

### c.  THIRD CLAIM FOR RELIEF

### (Willful Noncompliance with FCRA)

62. Plaintiffs incorporate by reference paragraphs 1 through 61.

63. Defendant willfully failed to conduct a reasonable investigation of Plaintiffs' disputes received from Trans Union and Experian concerning its reporting the HOA debt, and has otherwise failed to comport with FCRA § 1681s-2(b).

64. As a result of Defendant's actions, Plaintiffs have suffered, and continues to suffer, actual damages for which Plaintiffs seek damages in an amount to be determined by the jury. Plaintiffs also seek punitive damages in an amount to be determined by the jury.

65. Plaintiffs requests costs and attorney fees pursuant to 15 U.S.C. § 1681n(a).

### VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a)  Actual damages to be determined by the jury;

1      b)     Statutory damages to be determined by the jury;

2      c)     Punitive damages to be determined by the jury;

3      d)     Attorney's fees;

4      e)     Costs and expenses incurred in this action; and

5      f)     Such other relief as may be just and proper.

6

7      DATED     May 16, 2016    .

8

9                         s/ Floyd W. Bybee

10                    Floyd W. Bybee, SB 012651
                      **BYBEE LAW CENTER, PLC**

11                    90 S. Kyrene Rd., Ste. 5
                    Chandler, AZ 85226-4687

12                    Office: (480) 756-8822
                    Fax: (480) 302-4186

13                    floyd@bybeelaw.com

14                    Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25